UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CR-20329-KING

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DINSEN ST. TURBAIN,

    Defendant.

_____/

## BOND REVOCATION AND DETENTION ORDER

On August 2, 2021, Defendant Dinsen St. Turbain appeared before me for the purpose of determining whether he should be released on bond following his initial appearance on a Superseding Petition for Supervised Release Violations ( the "Superseding Petition"), pending his final hearing before Hon. James Lawrence King, United States District Court Judge. Having considered the allegations of the Superseding Petition and facts developed at the detention hearing, I have found by clear and convincing evidence that Defendant violated a condition of release of the bond I issued on May 7, 2021 and that Defendant is unlikely to abide by any conditions of release. Accordingly, that bond is **REVOKED** and Defendant is Ordered **DETAINED**.

The Superseding Petition alleges several violations of supervised release. Defense counsel, appearing on Defendant's behalf, challenged the sufficiency of the evidence to detain Defendant on several of those violations. However, it is without dispute that shortly after being placed on the present bond, Defendant submitted a urine specimen that tested positive for the presence of marijuana. Though counsel argues that a single positive urinalysis should not lead to detention, the argument fails to consider the full context of the violation, which is one of several *currently* pending, and one of several violations for unlawfully possessing or using a controlled substance

while on supervised release and on bond. Additionally, pursuant to 18 U.S.C. § 3143(a), I do not find by clear and convincing evidence that Defendant is not likely to pose a danger to the safety of any other person or the community if he is released. Counsel proffered that, notwithstanding the recent arrest and charge for battery that forms one of the alleged violations, Defendant and the victim continue to be in a consensual and longstanding relationship; even accepting the proffer as true, it fails to persuade the Court that, under all of the circumstance—including prior violations arising from allegations of battery—Defendant is not likely to pose a danger to the community. Accordingly, the Court hereby directs:

    a.    That Defendant be committed to the custody of the Attorney General for the confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

    b.    That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

    c.    That, on the order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of August, 2021.

    _____
    LAUREN FLEISCHER LOUIS
    UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Pretrial Services (Miami)